# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTIES OF PLYMOUTH, BARNSTABLE, BRISTOL AND DUKES-COUNTY, OCTOBER TERM 1832, AT TAUNTON.

---

#### PRESENT:

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM, ⎫
Hon. SAMUEL S. WILDE, ⎬ Justices.
Hon. MARCUS MORTON, ⎭

---

## Jedediah Miller *versus* Seth Miller *et al.*

Where a mill, mill dam and mill stream constitute one entire tenement held by tenants in common, a petition for partition of the dam and water alone cannot be sustained. Whether a mill dam and mill stream are property of such a nature as to be capable of partition by metes and bounds, *quære.*

Petition for partition. The petitioner states, that he is seised in fee of an undivided moiety of a dam in Middleborough, known by the name of Fall Brook Furnace dam, together with the right to use one undivided moiety of the water running through and over the dam, together with a moiety of the privileges and appurtenances thereto belonging, in common with Seth Miller and Thompson Miller; and he prays that his purparty of the dam and water may be set out to him, to hold in severalty.

The parties agree, that John Miller, being seised in ee of land on both sides of Fall brook, on which land the dam stands, and also of the dam and the mill thereon, and of the privilege of using the whole of the water, executed, on March 30, 1775, to his son Seth, the father of the respondents, a deed of a part of the land above mentioned, lying on the southerly and easterly side of the brook and bounded by the brook, containing about seventy-four acres, and on this lot is all that part of the dam which is on the southerly side of the brook ; and after the description of the land in the deed these words follow : — " Together with one half of the saw mill standing on the stream, with one half of the stream, dam, log-ways and appurtenances thereto belonging."

At the same time John Miller executed to his son Jedediah, the petitioner, a deed of a lot of land not lying on the brook, and after the description of the lot these words follow : — " Together with one half part of the saw mill and dam on Fall brook, with one half part of the stream and of all the privileges and utensils to said mill belonging, with the privilege of going to and from the saw mill on Fall brook, through gates and bars."

On the same day John Miller conveyed to Mary Miller and Lucy Miller all the land he owned on the northerly side of Fall brook, except the land which the mill pond flows, together with about a quarter of an acre where the saw mill and log-ways stand, or a suitable piece of land for the use of the saw mill, with the privilege to go to and from said mill through gates and bars.

On the dam and privilege there is now no mill standing The two brothers Seth and Jedediah, in the lifetime of Seth, let the use of the dam and water privilege to the owners of a furnace just below the dam, during the time that the furnace was occupied, and the rent was paid to them, a moiety to each. The right and interest of Seth Miller deceased was devised by him to his sons Seth and Thompson, the respondents.

If partition could be made of the dam, its privileges and appurtenances, under the statute on the subject of partition, the respondents were to be defaulted ; otherwise the petitioners were to become nonsuit.

*Miller*, for the respondents, said that if the parties to this process owned the fee simple of the soil on which the dam stands, the dam was not such property as was intended by the statute to be partible by metes and bounds; *St.* 1785, *c.* 62, § 2; 2 Bl. Com. 189; 4 Dane's Abr. 769, § 6; *St.* 1818, *c.* 115, § 1 ; but he argued that Mary and Lucy Miller took the fee, and consequently the present parties had but an incorporeal right to build and maintain a dam on the land of another, which right was not susceptible of partition, and that the petitioners must pursue the remedy given by *St.* 1823, *c.* 140, § 2. *Leonard* v. *White*, 7 Mass. R. 6 ; *Bonner* v. *Proprs. Kennebeck Purchase*, 7 Mass. R. 475 ; *Angell on Water-Courses*, 41 ; *Carver* v. *Miller*, 4 Mass. R. 559 ; *Thompson* v. *Gregory*, 4 Johns. R. 82.

*C. J. Holmes* for the petitioners.

*Per Curiam.* We do not deem it necessary to go into a consideration of the broad question raised in the argument, whether the property described in the petition is of such a nature as to be incapable of being divided by metes and bounds. A grant of the mill is as much a grant of the soil under the mill, as a grant of the dam is a grant of the soil under the dam ; and we decide the case on the ground, that the mill, dam, log-ways, water privilege, and appurtenances, constitute one entire tenement or holding of a freehold estate, and therefore the petition, being for partition of the dam and water alone, cannot be sustained. It is a well-settled rule of law, that a tenant in common cannot enforce partition of a part of the common tenement by metes and bounds. If one of the tenants in common could have partition of the dam alone, it would put the mill in the power of one, and would tend to the destruction of the estate.

*Petition dismissed.*